

March 7, 2022

Hon. P. Kevin Castel
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

By Electronic Filing.

> Leave to amend by April 6 is GRANTED.
> Letter Motion DE 10 is DENIED as moot.
> SO ORDERED.
>
> /s/ P. Kevin Castel
> P. Kevin Castel
> United States District Judge
> 3/8/3022

      Re:    Case No. 21-cv-10839, <u>Margolies v City of New York, et al</u>.

Dear Judge Castel:

      My firm, along with Gideon Oliver, represents the Plaintiff in the case named above. Consistent with the Court's Individual Practices, we write in response to Defendants' proposed 12(c) motion. The short version is this: Defendants appear to have overlooked much of the complaint in preparing their letter — many things they claim about the Complaint are just plain wrong.[1] But that said, Plaintiff would like to exercise her right to amend under the Court's Individual Practices and Fed. R. Civ. P. 15(a)(1)(B).

      Given the length of the complaint, and the work involved in amending it, Plaintiff would ask the Court to grant an extension of the time under Rule 15 (if measured from Defendants' letter) until April 6, 2022 to file an amended complaint.

      Plaintiff intends to clarify much of what Defendants seek to dismiss. Take Defendants' arguments about excessively tight handcuffing claims, for example. Defendants argue that "Plaintiff does not allege that she was ever placed in 'flexcuffs,'" and therefore the allegations "bear no connection to any of [Plaintiff's] claims. Dkt. No. 10 at 3. Not so. Plaintiff alleges a set of policies and procedures that involve all kinds of unnecessary brutality being part and parcel of what those protesting police misconduct face if they're arrested. Pointing to the fact that Plaintiff was over-tightly cuffed in metal — as opposed to plastic — handcuffs is similar to pointing out that a plaintiff is wearing a red shirt, rather than a blue shirt: the point is that police are ill-trained in the risks of applying cuffs of all kinds, and as a practical matter, have historically applied cuffs too tightly in protest arrests

---

[1] *Compare, for example*, Dkt. No. 10 at 2-3 (claiming "Plaintiff concedes that no guidance was ever issued by the City of New York indicating that 'jail support'") *with* Dkt. No. 1-1 ¶¶ 48-57 (detailing at length how Mayor de Blasio specifically confirmed to services organizations "that Legal Observers, jail support, street medics, and other protest-related essential service providers (like Plaintiff) were, in fact, essential workers under the E.O."); ¶¶ 58-65 (describing how Plaintiff provided Defendants with an attestation of essential services, that confirmed what the Mayor said, but Defendants arrested her despite specific knowledge that the Mayor had said jail support were essential workers).

      How Defendants could read the Complaint and in good faith assert that Plaintiff made any such concession is a mystery — and fully briefing a motion for judgment on the pleadings based on a misreading of a complaint seems a waste of the parties' time (to say nothing of judicial resources).



(including Plaintiff's), regardless of the material they are made out of. That said, the Complaint could be amended to more clearly explain how each allegation fits into the actual theory of liability presented, and Plaintiff believes it would be much more efficient to do so by amendment than to fight over whether the pleading is clear enough as is. Then, if Defendants still have objections, they can make their arguments on the actual theory presented — rather than a misreading of the purpose of various background allegations.[2]

All of that said, there is one claim that cannot really be amended to be clearer — and it forms the core of Defendants' motion as presented. Defendants simply misread the curfew orders, and skip over (*see* note 1, above) some very clear allegations about the status of jail support as essential workers. Contrary to Defendants' letter (which omits the text of the Order), the Curfew Order's text unambiguously required a warning before any arrests. Dkt. 1-1 ¶ 39 ("By the terms of Emergency Executive Orders 117, 118 and 119, "a failure to comply with the Order[s] ***shall result in orders to disperse***") (emphasis added). In fact, it was *so* clear that Judge McMahon rejected a theory of *Monell* liability based on a failure to give those warnings — suggesting there would only be individual liability:

> Nothing in the Constitution requires that police give a dispersal order once a curfew is in effect before arresting a violator for a curfew violation. However, ***failing to give such an order, especially where, as here, one is explicitly required, may be relevant evidence in connection with a claim of false arrest.*** *See Dinler v. City of New York*, 2012 U.S. Dist. LEXIS 141851, 2012 WL 4513352, at *6 (S.D.N.Y. Sept. 30, 2012).
>
> But that does not mean the City can be held liable for the failure to give dispersal orders on the ground that not giving them prior to arrest was 'city policy.' There is not a single factual allegation in the complaint tending to show that it was official City policy that no dispersal order be given. ***The text of the order is the best evidence of the City's official policy, and the text of the curfew order says that dispersal orders should be given.*** There is no allegation that the Mayor, or Chief Monahan, or Commissioner Shea ever told a single police officer to ignore what the curfew order said, so no municipal liability can be inferred from their behavior. What the Sow plaintiffs allege is that individual officers ignored official City policy when enforcing the curfew order.

*In re N.Y.C. Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 (CM)(GWG), 2021 U.S. Dist. LEXIS 128437, at *46-47 (S.D.N.Y. July 9, 2021) (emphasis added). As the Court put it, "Official City policy it was not." *Id. See also,* Dkt. 1-1 ¶ 40 (explaining how, by the text of the order "no violation occurred without an order to disperse, and with it, an opportunity to comply with that order"); *Gavin v. City of N.Y.*, No. 20-CV-8163 (JPO), 2021 U.S. Dist. LEXIS 159908, at *10 n.3 (S.D.N.Y. Aug. 24, 2021) (describing the "common-sense conclusion that [NYPD] must give protesters an opportunity to comply with their orders before they start making arrests" for failure to comply with those orders,

---

[2] To be clear, much of this clarification will likely look like withdrawing claims from Defendants' (and perhaps the Court's) perspective. To take the flex-cuffing issue as the example again, Defendants say that Plaintiff "does not plead facts to support th[at] claim[]" — but Plaintiff isn't making a flex-cuffing claim. So Defendants will ultimately not need to brief an attempt to dismiss the claim — and the Court will not need to decide that portion of a motion.


Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



and the "history of [NYPD] misconduct" on that front).  Defendants proposed motion deals with none of this.

To sum up, a violation of the Order's "explicit[] require[ment]" to give dispersal orders before arrests means the arrest here was unauthorized and can give rise to the individual liability Judge McMahon's decision anticipated:  a curfew violation is the sole offense Defendants even claim arguable probable cause to arrest for.  And Defendants' failure to even frame this issue around the actual text of the order means that they have failed to "set forth in detail the legal and factual basis for the anticipated motion" as the Court's rules require.  Given that, it may be appropriate for the Court to require Defendants to clarify how they mean to address the plain language of the Order in any future proposed motion.  And the same is true with Defendants' facially wrong — and divorced from the pleading — claim that Plaintiff was not an essential worker.

As for the requested discovery stay, there has been no motion to dismiss:  Defendants answered *months* ago (when the case was still in state court), so there is no 1983 Plan stay.[3]  That aside, discovery would likely help clarify the factual disagreements that Defendants improperly attempt to resolve by their motion:  did the NYPD issue *any* guidance on who was an essential worker?  Did the mayor fail to pass along his unambiguous clarification that jail support workers like Plaintiff were essential workers?  Or, in the words of an officer directing the illegal arrest of legal observers the same day as Plaintiff's arrest, did individual officers on the ground just decide everyone was "good to go"?  *Cf. In. re N.Y.C. Policing,* at *46-47 (noting there would likely be individual liability for "failing to give such an order, especially where, as here, one is explicitly required" if "individual officers ignored official City policy when enforcing the curfew order.").  While there is some evidence Plaintiff already has on this — the FINEST messages cited in the Complaint strongly suggest that the NYPD decided to gloss over much of the actual text of the curfew order (Dkt. No. 101 ¶¶ 42-48) — given that Defendants elected to answer rather than move to dismiss some months ago, discovery on this front is appropriate.[4]

We thank the Court for its time and consideration.  And consistent with the above, we ask that the Court direct that Plaintiff may amend to address Defendants' proposed motion on or before April 6, 2022.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
   **COHEN&GREEN P.L.L.C.**

---

[3] Other Courts in this District have refused to place similar, removed-from-state-court 2020 protest cases in the Plan.  *See, e.g., Casablanca-Torres v. City of N.Y.,* 21-cv-10832 (LAK), Dkt. No. 15.
[4] Notably, Defendants cite no authority about the Court's ability to stay discovery while a 12*(c)* motion is pending.

  Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com