

May 11, 2022

Hon. P. Kevin Castel
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    Case No. 21-cv-10839, <u>Margolies v City of New York, et al</u>.

Dear Judge Castel:

    My firm, along with Gideon Oliver, represents the Plaintiff in the case named above. Consistent with the Court's Individual Practices, we write in response to Defendants' proposed motion to dismiss. *See* Dkt. No. 19. That letter seems to reflect Defendants' counsel totally refusing to meaningfully engage with either the complaint or the "text of the curfew order" — which, using a mandatory "shall," "explicitly required" a dispersal order before any arrest. *In re N.Y.C. Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 (CM)(GWG), 2021 U.S. Dist. LEXIS 128437, at *46-47 (S.D.N.Y. July 9, 2021) ("*In re Policing*"). The Court should decline to let Defendants make a motion that does not make a real argument — or at a minimum, either (1) require Defendants to make such a thin argument in five pages or less[1] or (2) take additional pre-motion measures to ensure Defendants are moving on a theory Plaintiff is actually presenting.

    Defendants make two primary arguments in their letter: (1) Plaintiff's false arrest and related claims fail because she was out past 8:00 pm (ignoring the bulk of the complaint) and (2) that the Court should dismiss a set of *Monell* claims that Plaintiff isn't making. Neither presents a basis for a motion to dismiss.

    **I. Defendants' Curfew Arguments are Unserious.[2]**

    At bottom, Defendants' arguments about the Curfew Order ignore (1) that the curfew order "***explicitly required***" (*In re Policing* at *46-47 (emphasis added)) dispersal orders and (2) that Defendants refused to review the email from the Mayor's Office that said Plaintiff was an essential worker. As Plaintiff has gone to great lengths to try to explain to Defendants: Plaintiff was an essential worker carrying a document showing she was exempt from the Curfew, and the Curfew Order required dispersal orders and a meaningful opportunity to comply prior to arrest, which Defendants did not give. This is clear in the complaint, in the previous pre-motion letter, and yet it does not even

---

[1] *See, e.g.*, *Rudler v. MLA Law Offices, LTD*, 19-cv-2170, Jan. 29, 2020 Minute Order (after a conference at which the Court cited multiple district cases rejecting Defendants' motion to dismiss theory, directing "Defendant Malevitis['] opening brief and Plaintiffs['] opposition shall be limited to five pages. Defendant Malevitis['] reply shall be limited to two pages").

[2] That is not to say there is no serious argument that *could* exist about the Curfew. But the one Defendants make — using, as it does, a head-in-the-sand approach to reading a complaint — *is* unserious.



get a single word in Defendants' letter. That diverges from the Court's requirement that a pre-motion letter "set forth *in detail* the legal and *factual basis* for the anticipated motion." Individual Practice 3(A)(ii) (emphasis added).

For the essential worker piece, Defendants claim "there is simply no indication that any of her arresting officers knew or had reason to believe that she was an essential worker." Dkt. No. 19 at 2. Not so. And the assertion here borders on bad faith (if it does not cross that border). The complaint spells this out in some detail (to say nothing of merely an "indication"): Plaintiff informed Defendants "that she was a jail support volunteer, and therefore an essential worker, and that she that she had an attestation letter" setting out how she was exempt; Defendants saw a "medic in scrubs" in Plaintiff's group; and despite all these indications, individual Defendants affirmatively refused to review paperwork that would have clarified beyond any doubt Plaintiff was an essential worker. Dkt. No. 16 (Plaintiff' First Amended Complaint, or "FAC") ¶¶ 76-97. Or, summed up: Defendants had every reason to (1) know Plaintiff was an essential worker and (2) know if they looked at the attestation, any doubts they had would be remove, and they refused to look. Such "willful blindness" can satisfy any knowledge requirement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 768 (2011).[3]

Defendants may ultimately contest all that on the facts. Perhaps one Defendant or another thinks Plaintiff was lying about working jail support (she wasn't). Or perhaps one Defendant or another missed the day when they would have been trained on the significance of legal observers and other support personnel in mass arrest contexts generally. *See* FAC ¶¶ 73-74. But what they cannot do is assert at this stage that they didn't *believe* Plaintiff when she said she was an essential worker — which, the Complaint is quite clear she said. FAC ¶ 89. And rather than engage or present *some* argument for why they get to contest these facts (or think they are not well-pled), Defendants simply pretend a giant chunk of the complaint doesn't exist. That is not permissible — and more importantly, there is no need for the Court to entertain a motion that is based on a refusal to read the complaint.

The dispersal order issue is even starker. In the initial trade of letters, Plaintiff italicized and bolded the relevant parts of the Curfew Order and Judge McMahon's order in *In re Policing* — but even with that, Defendants simply do not engage with the two clear textual limitations of the Curfew Order. So to say it once again: a dispersal order "is explicitly required" by the Curfew Order before ***any*** arrest. *In re Policing*, at *46-47, *citing Dinler v. City of New York*, 2012 U.S. Dist. LEXIS 141851, 2012 WL 4513352, at *6 (S.D.N.Y. Sept. 30, 2012). Period. And Defendants seem to concede they would have no probable cause to arrest Plaintiff without the Curfew Order. Defendants cannot (at this stage, at least) dispute that "Defendants … failed to issue ***any*** order to disperse." FAC ¶ 98 (emphasis in original). That fact is well-pled and perfectly within Plaintiff's knowledge.

Given that, it is hard to see (and Defendants provide no reason to think otherwise) why the motion would not follow the many decisions of this Court that find that a failure to give dispersal orders — and an opportunity to comply — when they are required gives rise to a false arrest claim. *See, for examples, Dinler v City of NY*, 2012 US Dist LEXIS 141851, at *36 (SDNY Sep. 30, 2012) (summary judgment for plaintiffs where, "because the marchers had no opportunity to comply with

---

[3] Indeed, the complaint literally cites *Global-Tech*. *See* FAC ¶ 97. Defendants' refusal to even *engage* with the willful blindness theory suggests the briefing on their proposed motion will be less an exercise in competing legal theories, and more an exercise in spelling out what the complaint actually says for Defendants.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



Monahan's so-called dispersal order, the Court finds that there was no probable cause to arrest even protesters at the front of the march who might have been able to hear the order"); *Gavin v City of NY*, 2021 US Dist LEXIS 159908, at *15-16 (SDNY Aug. 24, 2021) ("Gavin has pleaded an uninterrupted history of NYPD officers mishandling dispersal orders at protests and has thus pleaded deliberate indifference for the purposes of her *Monell* claim").  Defendants simply… do not engage with this issue.

## II. At Least As Presented, Plaintiff Isn't Making the *Monell* Claims Defendants Want to Move On.

Defendants' attempt to present their *Monell* objections fails at least as far as it is presented. Defendants only offer one example — a "flex-cuff[ing]" claim that Plaintiff has been explicit she isn't making — as what they want to dismiss.  Dkt. No. 19 at 3.  The Complaint could not be clearer on this.  *See, e.g.*, FAC at 5 n. 1 ("Many of the allegations below are provided not as policies that specifically harmed Plaintiff, but as context for the harm she suffered. That is, the totally lawless atmosphere fostered by Defendants during the summer of 2020 and beyond lead to Defendants' apparent total disregard for the vital legal function played by jail support volunteers — and the willingness to refuse to even ***read*** the letter and attestation demonstrating beyond doubt that Plaintiff was legally permitted to be out beyond curfew.") (emphasis in original).  Perhaps, as another pre-motion measure, the Court should order Defendants to clarify what, exactly, they are seeking to dismiss, so Plaintiff can clarify whether she even is making such claims.  Such a process would avoid the need for the Court to review briefing on claims Plaintiff will ultimately just state she isn't making.

Second — and this may warrant an amendment (but for now, Plaintiff believes it does not) — Plaintiff's counsel has just become aware outside of this litigation that there was a specific meeting at which officers were instructed, contrary to the Mayor's Office's guidance, that legal observers and other essential workers providing protest support should be arrested.  The CCRB reversed a recommendation to discipline a Legal Bureau attorney who ordered the arrest of legal observers on essentially an "advice of superiors"-type defense.  So, Defendants' claim that Plaintiff cannot or does not plead "municipal policy-makers were on notice of a custom of falsely arresting jail support workers" not only fails with the complaint as pled, but is factually ill-conceived since there was an official policy.  If Defendants insist on going this route and argue, contrary to official sources, that there is was no official policy and practice, Plaintiff asks the Court to permit an small amendment to set out (as noted in the CCRB report attached here as **Exhibit 1**) that the policy of arresting legal observers came from the highest levels of NYPD — and was, without question, an official policy that NYPD brass knew about because they created it.  *See* Ex. 1 at 7.

As discussed above, we do not believe Defendants' letter sets out a good-faith basis for a motion to dismiss — and therefore ask the Court to direct Defendants to answer and decline to allow briefing that follows the "ostrich-like" model of advocacy.  *Gonzalez-Servin v Ford Motor Co.*, 662 F3d 931, 934 (7th Cir. 2011).  That said, if the Court believes it is necessary to at least allow Defendants to move on (1) a theory that ignores clear factual allegations and amounts to and (2) theories of liability Plaintiff isn't presenting, we respectfully suggest a streamlined approach to briefing is in order.  *See, e.g.*, *Rudler* (cited in n. 2, above).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



We thank the Court for its time and consideration.

                                                Respectfully submitted,

                                                  /s/
                                          _____

                                                J. Remy Green
                                                    *Honorific/Pronouns: Mx., they/their/them*
                                                **COHEN&GREEN P.L.L.C.**
                                                *Attorneys for Plaintiff*
                                                1639 Centre St., Suite 216
                                                Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com