UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

REBECCA MARGOLIES,

                           Plaintiffs,

             -against-


THE CITY OF NEW YORK; MAYOR BILL DE BLASIO;
NEW YORK CITY POLICE DEPARTMENT ("NYPD")
COMMISSIONER DERMOT SHEA; NYPD CHIEF OF
DEPARTMENT TERENCE MONAHAN; NYPD
OFFICER FIRST NAME UNKNOWN (FNU)
DESTEFANO; and NYPD MEMBERS JOHN AND JANE
DOES 1-29,

                           Defendants.

------------------------------------------------------------------------- x

**ANSWER TO THE SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY, DE BLASIO, SHEA, MONAHAN, AND DESTEFANO**

21-cv-10839 (PKC)

**Jury Trial Demanded**

       Defendants City of New York, Mayor Bill de Blasio, Commissioner Dermot Shea, Chief of Department Terence Monahan, and Detective Brian DeStefano, by their attorney, the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the Second Amended Complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Second Amended Complaint.

       2.     Deny the allegations set forth in paragraph "2" of the Second Amended Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York, that the City maintains a police department, and respectfully refers to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department ("NYPD").

       3.     Deny the allegations set forth in paragraph "3" of the Second Amended Complaint, except admit that, defendant de Blasio was the Mayor of New York City and was responsible for

appointing the New York City Police Commissioner at all times relevant to the Second Amended Complaint and that plaintiff purports to proceed as stated therein.

4.    Deny the allegations set forth in paragraph "4" of the Second Amended Complaint except admit that, defendant Shea was the Police Commissioner of New York City at all times relevant to the Second Amended Complaint and that plaintiff purports to proceed as stated therein. Defendants further state that the paragraph sets forth conclusions of law to which no response is required.

5.    Deny the allegations set forth in paragraph "5" of the Second Amended Complaint, except admit that defendant Monahan was employed by the City of New York as the Chief of Department of the NYPD at all times relevant to the Second Amended Complaint and that plaintiff purports to proceed as stated therein. Defendants further state that the paragraph sets forth conclusions of law to which no response is required.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Second Amended Complaint, except admit that defendant Brian DeStefano was, at all relevant times, and is employed by the City of New York as a member of the NYPD.

7.    Paragraph "7" of the Second Amended Complaint does not set forth an averment of fact to which a response is required.

8.    Deny the allegations set forth in paragraph "8" of the Second Amended Complaint.

9.    Deny the allegations set forth in paragraph "9" of the Second Amended Complaint.

10.    Paragraph "10" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

- 2 -

11.     Paragraph "11" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

12.     Paragraph "12" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

13.     Paragraph "13" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

14.     Paragraph "14" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

15.     Paragraph "15" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

16.     Deny the allegations set forth in paragraph "16" of the Second Amended Complaint, except admit that plaintiff purports to base venue as state therein.

17.     Deny the allegations set forth in paragraph "17" of the Second Amended Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Second Amended Complaint, except admit upon information and belief that two documents, both purporting to be a Notice of Claim, were received by the Comptroller on or about November 3, 2020 and November 29, 2020, respectively.

19.     Deny the allegation set forth in paragraph "19" of the Second Amended Complaint, except admit upon information and belief that the claim has not been settled or otherwise adjusted.

20.     Deny the allegations set forth in paragraph "20" of the Second Amended Complaint, except admit that the initial pleading pertaining to this matter was filed on or about September 1, 2021.

21.     Deny the allegations set forth in paragraph "21" of the Second Amended Complaint, except admit that the initial pleading pertaining to this matter was filed on or about September 1, 2021 in New York state court.

22.     In response to paragraph "22" of the Second Amended Complaint, admit only that this matter was removed from New York State court to the United States District Court, Southern District of New York, on or about December 17, 2021.

23.     Deny the allegations set forth in paragraph "23" of the Second Amended Complaint, except admit that plaintiff purports to invoke jurisdiction as stated therein.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except admit only that protests occurred throughout the United States and New York City following the death of George Floyd.

25.     Deny the allegations set forth in paragraph "25" of the Second Amended Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Second Amended Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Second Amended Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Second Amended Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Second Amended Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "30" of the Second Amended Complaint, except admit that the

COVID-19 pandemic was ongoing in the Summer of 2020 and that protests were occurring in New York City during that time.

31.     Paragraph "31" of the Second Amended Complaint does not contain an averment of fact requiring a response.

32.     Deny the allegations set forth in paragraph "32" of the Second Amended Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Second Amended Complaint.

34.     In response to paragraph "34" of the Second Amended Complaint, deny knowledge or information sufficient to form a belief as to what plaintiff relied on the for purposes of commencing this litigation.

35.     The allegations set forth in paragraph "35" of the Second Amended Complaint and footnote 3 are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

36.     The allegations set forth in paragraph "36" of the Second Amended Complaint are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

37.     The allegations set forth in paragraph "37" of the Second Amended Complaint are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

38.     The allegations set forth in paragraph "38" of the Second Amended Complaint are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

39.     The allegations set forth in paragraph "39" of the Second Amended Complaint and footnote 4, are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

40.     The allegations set forth in paragraph "40" of the Second Amended Complaint and footnote 5, are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

41.     The allegations set forth in paragraph "41" of the Second Amended Complaint are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

42.     The allegations set forth in paragraph "42" of the Second Amended Complaint are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

43.     The allegations set forth in paragraph "43" of the Second Amended Complaint are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

44.     The allegations set forth in paragraph "44" of the Second Amended Complaint and footnote 6, are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

45.     The allegations set forth in paragraph "45" of the Second Amended Complaint and footnote 7, are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

46.     The allegations set forth in paragraph "46" of the Second Amended Complaint and footnote 8, are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

47.     The allegations set forth in paragraph "47" of the Second Amended Complaint and footnote 9, are not averments of fact to which a response is required; further, defendants respectfully refer the Court to the cited report for an accurate recitation of its contents.

48.     Paragraph "48" of the Second Amended Complaint and footnote 10, do not set forth averments of fact to which a response is required.

49.     Deny the allegations set forth in paragraph "49" of the Second Amended Complaint, except admit that plaintiff purports to incorporate by reference the factual allegations of cases cited and further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

50.     Deny the allegations set forth in paragraph "50" of the Second Amended Complaint, except admit that plaintiff purports to incorporate by reference the factual allegations of cases cited and further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

51.     Deny the allegations set forth in paragraph "51" of the Second Amended Complaint.

52.     In response to paragraph "52" of the Second Amended Complaint, admit only that Mayor de Blasio issued Executive Orders in June 2020 establishing a citywide curfew, and respectfully refer the Court to cited Executive Order 117 for a complete and accurate recitation of its contents.

53.     In response to paragraph "53" of the Second Amended Complaint, admit only that Mayor de Blasio issued  Executive Orders in June 2020 establishing a citywide curfew, and respectfully refer the Court to cited Executive Order 118 for a complete and accurate recitation of its contents.

54.     In response to paragraph "54" of the Second Amended Complaint, admit only that Mayor de Blasio issued Executive Orders in June 2020 establishing a citywide curfew, and respectfully refer the Court to cited Executive Order 119 for a complete and accurate recitation of its contents.

55.     In response to paragraph "55" of the Second Amended Complaint, admit only that Executive Order 119 established an 8:00 p.m. citywide curfew and that those deemed essential workers were exempted from the curfew; defendants further respectfully refer the Court to Executive Order 119 for a complete and accurate recitation of its contents.

56.     Deny the allegations set forth in paragraph "56" of the Second Amended Complaint and footnote 11, and respectfully refer the Court to Executive Order 119 for a complete and accurate recitation of its contents.

57.     Paragraph "57" of the Second Amended Complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required; to the extent that a response

is required, defendants deny the allegations and respectfully refer the Court to the cited cases for a complete and accurate recitation of their contents.

58.     Deny the allegations set forth in paragraph "58" of the Second Amended Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Second Amended Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Second Amended Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Second Amended Complaint and footnote 12, and respectfully refer the Court to the referenced FINEST message for a complete and accurate recitation of its contents.

62.     Deny the allegations set forth in paragraph "62" of the Second Amended Complaint and footnote 13, and respectfully refer the Court to the referenced FINEST message for a complete and accurate recitation of its contents.

63.     Deny the allegations set forth in paragraph "63" of the Second Amended Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Second Amended Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Second Amended Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Second Amended Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Second Amended Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Second Amended Complaint.

69.     Paragraph "69" of the Second Amended Complaint sets forth legal conclusions rather than averments of fact and, accordingly, no response is required.

70.     Paragraph "70" of the Second Amended Complaint sets forth legal conclusions rather than averments of fact and, accordingly, no response is required.

71.     Deny the allegations set forth in paragraph "71" of the Second Amended Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Second Amended Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Second Amended Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Second Amended Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Second Amended Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Second Amended Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Second Amended Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Second Amended Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Second Amended Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Second Amended Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Second Amended Complaint.

82.     Paragraph "82" of the Second Amended Complaint contains conclusions of law rather than averments of fact and, accordingly, no response is required.

83.     Deny the allegations set forth in paragraph "83" of the Second Amended Complaint and footnote 13.

84.     Paragraph "84" of the Second Amended Complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response thereto is required; however, to the extent that a response is required, defendants deny the allegations.

85.     Deny the allegations set forth in paragraph "85" of the Second Amended Complait.

86.     Paragraph "86" of the Second Amended Complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response thereto is required.

87.     Paragraph "87" of the Second Amended Complaint contains conclusions of law rather than averments of fact and, accordingly, no response thereto is required.

88.     Deny the allegations set forth in paragraph "88" of the Second Amended Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Second Amended Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Second Amended Complaint, except admit to the existence of email correspondence on or about June 1, 2020 concerning exemptions from the executive curfew orders.

91.     Deny the allegations set forth in paragraph "91" of the Second Amended Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Second Amended Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Second Amended Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Second Amended Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Second Amended Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Second Amended Complaint as it pertains to an unidentified Jane Doe.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Second Amended Complaint as it pertains to an unidentified Jane Doe.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Second Amended Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Second Amended Complaint, except admit that an individual that was with plaintiff on June 4, 2020 appeared to be wearing scrubs.

100.    Deny the allegations set forth in paragraph "100" of the Second Amended Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Second Amended Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Second Amended Complaint as they pertain to unidentified individuals, except admit, upon information and belief, that at the time of arrest plaintiff claimed to be performing jail support.

103.    Deny, upon information and belief, the allegations set forth in paragraph "103" of the Second Amended Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Second Amended Complaint as it pertains to an unidentified "John Doe" defendant.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Second Amended Complaint as it pertains to what an unidentified "John Doe" defendant saw.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Second Amended Complaint as it pertains to what an unidentified "John Doe" defendant knew.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Second Amended Complaint as it pertains to what an unidentified "John Doe" defendant would have known.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Second Amended Complaint as it pertains to what an unidentified "John Doe" defendant knew.

109.    Paragraph "109" of the Second Amended Complaint sets forth legal arguments and/or conclusions rather than averments of fact, and accordingly, no response thereto is required; however, to the extent that a response is required, defendants deny the allegations.

110.    Paragraph "110" of the Second Amended Complaint sets forth legal arguments and/or conclusions rather than averments of fact, and accordingly, no response thereto is required.

111.    Deny the allegations set forth in paragraph "111" of the Second Amended Complaint.

112.    Paragraph "112" of the Second Amended Complaint sets forth legal arguments and/or conclusions rather than averments of fact, and accordingly, no response thereto is required; however, to the extent that a response is required, defendants deny the allegations.

113.    Paragraph "113" of the Second Amended Complaint sets forth legal arguments and/or conclusions rather than averments of fact, and accordingly, no response thereto is required; however, to the extent that a response is required, defendants deny the allegations.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Second Amended Complaint as it pertains to unidentified individuals, except admit, upon information and belief, that plaintiff was handcuffed.

115.    In response to paragraph "115" of the Second Amended Complaint, admit only that defendant DeStefano issued plaintiff a summons at approximately 11:40 PM on June 4, 2020.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Second Amended Complaint, except admit, upon information and belief, that the summons that plaintiff was issued was dismissed on September 9, 2020.

117.    Deny the allegations set forth in paragraph "117" of the Second Amended Complaint.

118.    Deny the allegations set forth in paragraph "118" of the Second Amended Complaint.

119.    Object to and deny the embedded assertion that the NYPD's response to the June 4, 2020 protests were violent, and state that the remaining allegations set forth in paragraph "119" of the Second Amended Complaint are too vague to provide an informed response.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Second Amended Complaint, including footnote 15, except admit, upon information and belief, that a demonstration was held on July 11, 2020 in Brooklyn.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Second Amended Complaint, including footnote 16, except admit, upon information and belief, that a demonstration was held on July 13, 2020 in Brooklyn.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Second Amended Complaint, including footnote 17,

except admit, upon information and belief, that a gathering protesting coronavirus restrictions occurred in Brooklyn in October 2020.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Second Amended Complaint, including footnote 18, except admit, upon information and belief, that a demonstration was held on October 25, 2020.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Second Amended Complaint, including footnote 19.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Second Amended Complaint, including footnotes 20 and 21.

126.    Deny the allegations set forth in paragraph "126" of the Second Amended Complaint, including all its subsections and footnotes.

127.    Deny the allegations set forth in paragraph "127" of the Second Amended Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Second Amended Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Second Amended Complaint.

130.    Deny the allegations set forth in paragraph "130" of the Second Amended Complaint.

131.    Deny the allegations set forth in paragraph "131" of the Second Amended Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Second Amended Complaint.

133.    Deny the allegations set forth in paragraph "133" of the Second Amended Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Second Amended Complaint, except admit that the City has been named in prior civil lawsuits by protestors.

135.    State that paragraph "135" of the Second Amended Complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).  To the extent a response is required, deny the allegations set forth in paragraph "135" of the Second Amended Complaint, including its subparts and footnotes, and respectfully refer the Court to the docket sheets of the cases referenced therein for a complete and accurate statement of the court opinions and/or dicta referenced therein.

136.    Deny the allegations set forth in paragraph "136" of the Second Amended Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Second Amended Complaint.

138.    Deny the allegations set forth in paragraph "138" of the Second Amended Complaint, except admit that a document entitled "Disorder Control Guidelines" existed at some point in time.

139.    Deny the allegations set forth in paragraph "!39" of the Second Amended Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Second Amended Complaint, and further states that the referenced document speaks for itself.

141.    Deny the allegations set forth in paragraph "141" of the Second Amended Complaint, and further states that the referenced document speaks for itself.

142.    Deny the allegations set forth in paragraph "142" of the Second Amended Complaint.

143.    Deny the allegations set forth in paragraph "143" of the Second Amended Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Second Amended Complaint.

145.    Deny the allegations set forth in paragraph "145" of the Second Amended Complaint.

146.    State that the allegations set forth in paragraph "146" of the Second Amended Complaint, including all its subparts, fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.   To the extent an answer is required, deny the allegations set forth therein, including its subparts.

147.    Deny the allegations set forth in paragraph "147" of the Second Amended Complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Second Amended Complaint except admit the SRG is a specialized unit within the NYPD.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Second Amended Complaint.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Second Amended Complaint.

151.    Deny the allegations set forth in paragraph "151" of the Second Amended Complaint, except admit that members of SRG have previously been present at certain protests.

152.    Deny the allegations set forth in paragraph "152" of the Second Amended Complaint, including footnote 33.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

153.    Deny the allegations set forth in paragraph "153" of the Second Amended Complaint, except admit only that all members of the NYPD are required to attend training.

154.    Deny the allegations set forth in paragraph "154" of the Second Amended Complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Second Amended Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Second Amended Complaint, and further respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

157.    Deny the allegations set forth in paragraph "157" of the Second Amended Complaint.  Further state that "mere citations to lawsuits, even if they did involve comparable

conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Second Amended Complaint, except admit, upon information and belief, that certain documents referred to as after action reports were created at some point in time and further state that such documents speak for themselves.

159.    Paragraph "159" of the Complaint is not an averment of fact to which a response is required, and defendants respectfully refer the Court to the cited article for its content and context.

160.    Deny the allegations set forth in paragraph "160" of the Second Amended Complaint.

161.    Deny the allegations set forth in paragraph "161" of the Second Amended Complaint.

162.    Paragraph "162" of the Second Amended Complaint is not an averment of fact to which a response is required, and defendants further refer the Court to the cited report for a full and accurate recitation of its contents.

163.    Deny the allegations set forth in paragraph "163" of the Second Amended Complaint, except admit that the specifically named defendants communicated regarding protests.

164.    Deny the allegations set forth in paragraph "164" of the Second Amended Complaint.

165.    Deny the allegations set forth in paragraph "165" of the Second Amended Complaint, and refer the Court to the cited deposition for a full and accurate recitation of its contents.

166.    Deny the allegations set forth in paragraph "166" of the Second Amended Complaint.

167.    Plaintiff has failed to provide a citation to the purported testimony of a purported, unidentified 30(b)(6) witness in an unspecified case and, as such, defendants cannot respond to the allegations set forth in paragraph "167" of the Second Amended Complaint.  To the extent a response is required, defendants deny the allegations therein.

168.    Deny the allegations set forth in paragraph "168" of the Second Amended Complaint, and respectfully refer the Court to the cited report for a full and accurate recitation of its contents.

169.    Deny the allegations set forth in paragraph "169" of the Second Amended Complaint.

170.    Deny the allegations set forth in paragraph "170" of the Second Amended Complaint.

171.    Deny the allegations set forth in paragraph "171" of the Second Amended Complaint.

172.    Deny the allegations set forth in paragraph "172" of the Second Amended Complaint.

173.    Deny the allegations set forth in paragraph "173" of the Second Amended Complaint.

174.     Deny the allegations set forth in paragraph "174" of the Second Amended Complaint.

175.     Deny the allegations set forth in paragraph "175" of the Second Amended Complaint.

176.     Deny the allegations set forth in paragraph "176" of the Second Amended Complaint.

177.     Deny the allegations set forth in paragraph "177" of the Second Amended Complaint.

178.     Deny the allegations set forth in paragraph "178" of the Second Amended Complaint.

179.     Deny the allegations set forth in paragraph "179" of the Second Amended Complaint.

180.     Deny the allegations set forth in paragraph "180" of the Second Amended Complaint.

181.     Deny the allegations set forth in paragraph "181" of the Second Amended Complaint.

182.     Deny the allegations set forth in paragraph "182" of the Second Amended Complaint.

183.     Deny the allegations set forth in paragraph "183" of the Second Amended Complaint.

184.     Deny the allegations set forth in paragraph "184" of the Second Amended Complaint.

185.    Deny the allegations set forth in paragraph "185" of the Second Amended Complaint.

186.    Deny the allegations set forth in paragraph "186" of the Second Amended Complaint.

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Second Amended Complaint as the paragraph fails to reference any specific alleged incident.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Second Amended Complaint as the paragraph fails to reference any specific alleged incident.

189.    Deny the allegations set forth in paragraph "189" of the Second Amended Complaint.

190.    Deny the allegations set forth in paragraph "190" of the Second Amended Complaint.

191.    Deny the allegations set forth in paragraph "191" of the Second Amended Complaint, except admit that the State and City advised that citizens engage in mask wearing, hand washing, and social distancing.

192.    Deny the allegations set forth in paragraph "192" of the Second Amended Complaint.

193.    Deny the allegations set forth in paragraph "193" of the Second Amended Complaint.

194.    Deny the allegations set forth in paragraph "194" of the Second Amended Complaint.

195.    Deny the allegations set forth in paragraph "195" of the Second Amended Complaint.

196.    Deny the allegations set forth in paragraph "196" of the Second Amended Complaint.

197.    Deny the allegations set forth in paragraph "197" of the Second Amended Complaint.

198.    Deny the allegations set forth in paragraph "198" of the Second Amended Complaint.

199.    Deny the allegations set forth in paragraph "199" of the Second Amended Complaint.

200.    Deny the allegations set forth in paragraph "200" of the Second Amended Complaint.

201.    Deny the allegations set forth in paragraph "201" of the Second Amended Complaint.

202.    Deny the allegations set forth in paragraph "202" of the Second Amended Complaint.

203.    In response to paragraph "203" of the Second Amended Complaint admit only that in or about July 2020 the New York State Office of the Attorney General released a document entitled "Preliminary Report on the New York City Police Department's Response to Demonstrations Following the Death of George Floyd," and respectfully refer the Court to the July 2020 Report referenced therein, and cited in footnote 38, for a full and accurate recitation of its contents.

204.     In response to paragraph "204" of the Second Amended Complaint, defendants state that the July 2020 New York State Office of the Attorney General Report speaks for itself, and respectfully refer the Court to said report for a full and accurate recitation of its contents.

205.     In response to paragraph "205" of the Second Amended Complaint, defendants state that the July 2020 New York State Office of the Attorney General Report speaks for itself, and further respectfully refers the Court to said report for a full and accurate recitation of its contents.

206.     In response to paragraph "206" of the Second Amended Complaint, admit only that on or about December 2020 the New York City Department of Investigation drafted a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court to the December 2020 document referenced therein, and cited in footnote 39, for a full and accurate recitation of its contents.

207.     In response to paragraph "207" of the Second Amended Complaint, defendants state that the "Investigation into NYPD Response to the George Floyd Protests" speaks for itself, and further respectfully refer the Court to said document for a full and accurate recitation of its contents.

208.     In response to paragraph "208" of the Second Amended Complaint, defendants state that the "Investigation into NYPD Response to the George Floyd Protests" speaks for itself, and further respectfully refer the Court to said document for a full and accurate recitation of its contents.

209.     In response to paragraph "209" of the Second Amended Complaint, defendants state that the referenced document speaks for itself, and further respectfully refer the Court to the referenced December 2020 document for a full and accurate recitation of its contents.

210.    In response to paragraph "210" of the Second Amended Complaint, defendants state that the referenced document speaks for itself, and further respectfully refer the Court to the referenced December 2020 document for a full and accurate recitation of its contents.

211.    In response to paragraph "211" of the Second Amended Complaint, defendants state that the referenced document speaks for itself, and further respectfully refer the Court to the referenced December 2020 document for a full and accurate recitation of its contents.

212.    In response to paragraph "212" of the Second Amended Complaint, defendants state that the referenced document speaks for itself, and further respectfully refer the Court to the referenced December 2020 document for a full and accurate recitation of its contents.

213.    In response to paragraph "213" of the Second Amended Complaint, defendants state that the referenced document speaks for itself, and further respectfully refer the Court to the referenced December 2020 document for a full and accurate recitation of its contents.

214.    In response to paragraph "214" of the Second Amended Complaint, defendants state that the referenced document speaks for itself, and further respectfully refer the Court to the referenced December 2020 document for a full and accurate recitation of its contents.

215.    In response to paragraph "215" of the Second Amended Complaint, defendants state that the referenced document speaks for itself, and further respectfully refer the Court to the referenced December 2020 document for a full and accurate recitation of its contents.

216.    Deny the allegations set forth in paragraph "216" of the Second Amended Complaint.

217.    In response to the allegations set forth in paragraph "217" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of the Answer, as if fully set forth herein.

218.    Deny the allegations set forth in paragraph "218" of the Second Amended Complaint.

219.    Paragraph "219" of the Second Amended Complaint sets forth conclusions of law to which no response is required.

220.    Deny the allegations set forth in paragraph "220" of the Second Amended Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Second Amended Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Second Amended Complaint.

223.    In response to the allegations set forth in paragraph "223" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of the Answer, as if fully set forth herein.

224.    Deny the allegations set forth in paragraph "224" of the Second Amended Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Second Amended Complaint.

226.    Deny the allegations set forth in paragraph "226" of the Second Amended Complaint.

227.    In response to the allegations set forth in paragraph "227" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of the Answer, as if fully set forth herein.

228.     Deny the allegations set forth in paragraph "228" of the Second Amended Complaint.

229.     Deny the allegations set forth in paragraph "229" of the Second Amended Complaint and each subpart thereof.

230.     Deny the allegations set forth in paragraph "230" of the Second Amended Complaint.

231.     Deny the allegations set forth in paragraph "231" of the Second Amended Complaint.

232.     In response to the allegations set forth in paragraph "232" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of the Answer, as if fully set forth herein.

233.     Deny the allegations set forth in paragraph "233" of the Second Amended Complaint.

234.     Deny the allegations set forth in paragraph "234" of the Second Amended Complaint.

235.     Deny the allegations set forth in paragraph "235" of the Second Amended Complaint.

236.     Deny the allegations set forth in paragraph "236" of the Second Amended Complaint.

237.     Deny the allegations set forth in paragraph "237" of the Second Amended Complaint.

238.     Deny the allegations set forth in paragraph "238" of the Second Amended Complaint.

239.    Deny the allegations set forth in paragraph "239" of the Second Amended Complaint.

240.    Deny the allegations set forth in paragraph "240" of the Second Amended Complaint.

241.    Deny the allegations set forth in paragraph "241" of the Second Amended Complaint.

242.    Deny the allegations set forth in paragraph "242" of the Second Amended Complaint.

243.    Deny the allegations set forth in paragraph "243" of the Second Amended Complaint.

244.    Deny the allegations set forth in paragraph "244" of the Second Amended Complaint.

245.    Deny the allegations set forth in paragraph "245" of the Second Amended Complaint.

246.    In response to the allegations set forth in paragraph "246" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of the Answer, as if fully set forth herein.

247.    Deny the allegations set forth in paragraph "247" of the Second Amended Complaint.

248.    Deny the allegations set forth in paragraph "248" of the Second Amended Complaint.

249.    Deny the allegations set forth in paragraph "249" of the Second Amended Complaint.

250.     Deny the allegations set forth in paragraph "250" of the Second Amended Complaint.

251.     In response to the allegations set forth in paragraph "251" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of the Answer, as if fully set forth herein.

252.     Deny the allegations set forth in paragraph "252" of the Second Amended Complaint.

253.     Deny the allegations set forth in paragraph "253" of the Second Amended Complaint.

254.     Deny the allegations set forth in paragraph "254" of the Second Amended Complaint.

255.     Deny the allegations set forth in paragraph "255" of the Second Amended Complaint.

256.     Deny the allegations set forth in paragraph "256" of the Second Amended Complaint.

257.     In response to the allegations set forth in paragraph "257" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of the Answer, as if fully set forth herein.

258.     Deny the allegations set forth in paragraph "258" of the Second Amended Complaint.

259.     Deny the allegations set forth in paragraph "259" of the Second Amended Complaint.

260.     Deny the allegations set forth in paragraph "260" of the Second Amended Complaint.

261.     In response to the allegations set forth in paragraph "261" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of the Answer, as if fully set forth herein.

262.     Deny the allegations set forth in paragraph "262" of the Second Amended Complaint.

263.     Deny the allegations set forth in paragraph "263" of the Second Amended Complaint.

264.     Deny the allegations set forth in paragraph "264" of the Second Amended Complaint.

265.     Deny the allegations set forth in paragraph "265" of the Second Amended Complaint.

266.     Deny the allegations set forth in paragraph "266" of the Second Amended Complaint.

267.     Deny the allegations set forth in paragraph "267" of the Second Amended Complaint.

268.     Deny the allegations set forth in paragraph "268" of the Second Amended Complaint.

269.     In response to the allegations set forth in paragraph "269" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of the Answer, as if fully set forth herein.

270.     Deny the allegations set forth in paragraph "270" of the Second Amended Complaint.

271.     Deny the allegations set forth in paragraph "271" of the Second Amended Complaint.

272.     Deny the allegations set forth in paragraph "272" of the Second Amended Complaint.

273.     Deny the allegations set forth in paragraph "273" of the Second Amended Complaint.

274.     Deny the allegations set forth in paragraph "274" of the Second Amended Complaint.

275.     Deny the allegations set forth in paragraph "275" of the Second Amended Complaint.

276.     Deny the allegations set forth in paragraph "276" of the Second Amended Complaint, and each subpart thereof.

277.     In response to the allegations set forth in paragraph "277" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of the Answer, as if fully set forth herein.

278.     Deny the allegations set forth in paragraph "278" of the Second Amended Complaint.

279.     Deny the allegations set forth in paragraph "279" of the Second Amended Complaint.

280.     Deny the allegations set forth in paragraph "280" of the Second Amended Complaint.

281.    Deny the allegations set forth in paragraph "281" of the Second Amended Complaint.

282.    Deny the allegations set forth in paragraph "282" of the Second Amended Complaint.

283.    Deny the allegations set forth in paragraph "283" of the Second Amended Complaint.

284.    Deny the allegations set forth in paragraph "284" of the Second Amended Complaint.

285.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "285" of the Second Amended Complaint as such allegations are vague.

286.    Deny the allegations set forth in paragraph "286" of the Second Amended Complaint.

287.    Deny the allegations set forth in paragraph "287" of the Second Amended Complaint.

288.    Paragraph "288" of the Second Amended Complaint sets forth a conclusion of law to which no response is required.

289.    Deny the allegations set forth in paragraph "289" of the Second Amended Complaint.

290.    Deny the allegations set forth in paragraph "290" of the Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE:

291.    The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

292.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the culpable or negligent conduct of others, and was not the proximate result of any act of defendants.

## THIRD AFFIRMATIVE DEFENSE:

293.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

## FOURTH AFFIRMATIVE DEFENSE:

294.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## FIFTH AFFIRMATIVE DEFENSE:

295.    To the extent that plaintiff alleges claims under New York State law, such claims may be barred, in whole or in part, because of plaintiff's failure to comply with New York General Municipal Law §§ 50(e), *et seq.*

## SIXTH AFFIRMATIVE DEFENSE:

296.    Plaintiff may have failed to fulfill the conditions precedent to suit.

## SEVENTH AFFIRMATIVE DEFENSE:

297.    There was probable cause for plaintiff's arrest, detention, and/or prosecution.

## EIGHTH AFFIRMATIVE DEFENSE:

298.    This action may be barred in whole, or in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE:

299.    Plaintiff maybe have failed to mitigate her alleged damages.

## TENTH AFFIRMATIVE DEFENSE:

300.    To the extent that any force was used, it was reasonable and justified under the circumstances.

## ELEVENTH AFFIRMATIVE DEFENSE:

301.    Plaintiff provoked any incident.

## TWELFTH AFFIRMATIVE DEFENSE:

302.    Punitive damages may not be assessed against defendant City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**THIRTEENTH  AFFIRMATIVE DEFENSE:**

303.    There was reasonable suspicion and/or probable cause for any stop of plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

304.    Defendants de Blasio, Shea, Monahan, and DeStefano have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

305.    Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).


**WHEREFORE,** defendants City of New York, de Blasio, Shea, Monahan, and DeStefano request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              August 2, 2022

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the City of New York
                              *Attorney for defendants City, de Blasio, Shea,*
                              *Monahan, and DeStefano*
                              100 Church Street
                              New York, NY 10007


              By:    /s/ *Andrea Osgood*
                              Andrea Osgood
                              *Assistant Corporation Counsel*

cc:     **<u>VIA ECF</u>**
        *All Counsel of Record*